# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| GEORGE W. THOMAS, | § | |
| *Plaintiff,* | § § § | |
| v. | § § | CIVIL ACTION NO. 1:15-CV-112 |
| BEAUMONT INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| *Defendant*. | § § | |

## ORDER ADOPTING
## REPORT AND RECOMMENDATION ON MOTION TO DISMISS

The Court referred this matter to United States Magistrate Judge Keith F. Giblin for consideration of and recommended disposition on case-dispositive pretrial motions. On February 12, 2016, Judge Giblin issued his report and recommendation [Doc. No. 21] in which he recommended that the Court grant the defendant's pending motions to dismiss and dismiss plaintiff's claims in this case in their entirety for failure to state a claim and based on the prohibition against claim-splitting.

The plaintiff filed objections to Judge Giblin's report [Doc. No. 23]. Although his objections are thirteen pages, only the first page reflects plaintiff's actual arguments. The rest are re-attached pages from documents already filed in this case. Plaintiff objects that he has been denied a trial by a jury and contends that he has a right to be heard. He also appears to argue that the magistrate judge erred in holding that this federal case arises out of the same facts as the plaintiff's state case. Judge Giblin cited the factual similarities in support of his recommendation that the case be dismissed on the basis of claim-splitting. *See Report and Recommendation* [Doc. No. 21], at p. 7. The plaintiff, however, fails to explain how the two cases differ factually other than stating "different people were

involved." He further objects on the basis there is more evidence to be presented, there is enough evidence to raise "reasonable suspicion" [sic], and defendant BISD "does not always act in good faith." *See Objections*, at p. 1. He also complains that Judge Giblin did not consider his disparate impact claim.

After consideration, the Court concludes that plaintiff's objections fail to explain Judge Gibln's alleged errors with the requisite specificity and support. *See* 28 U.S.C. § 636(b)(1); *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc) ("Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court.") Judge Giblin's report thoroughly explained the doctrine of claim-splitting, which is designed to protect defendants from being harassed by repetitive actions based on the same claim. *See Ameritox, Ltd. v. Aegis Sciences Corp.,* No. 3:08–cv–1168, 2009 WL 305874, *4 (N.D.Tex. Feb. 9, 2009). Judge Giblin's report sets forth the factual similarities between plaintiff's allegations in this case and those at issue in his state case. *See Report*, at pp. 7-8. The plaintiff's objections do not address the legal basis for Judge Giblin's recommended disposition based on the prohibition against claim-splitting and Thomas fails to explain how the two cases are distinguishable for purposes of claim-splitting. Thomas' objections on the issue are conclusive and vague, and further lack factual and legal support. Upon review, the Court agrees with Judge Giblin that the prohibition against claim-splitting in this case should apply based on Mr. Thomas' parallel claims in his pending state court suit. As explained by the magistrate judge, principals of comity and judicial economy convince the Court that Mr. Thomas' case must be dismissed on the basis of claim-splitting and his objections do not alter this result.

Therefore, pursuant to the plaintiff's objections and in accordance with 28 U.S.C.

§ 636(b)(1), the court has conducted a *de novo* review of the magistrate judge's findings, the record, the plaintiff's objections, and the applicable law in this proceeding. After review, the court finds that Judge Giblin's findings and recommendations should be accepted. The Court **ORDERS** that the Report and Recommendation [Doc. No. 21] is **ADOPTED** and the plaintiff's objections [Doc. No. 23] are **OVERRULED**. The Court further **ORDERS** that the defendants' motion to dismiss [Doc. No. 9] and [Doc. No. 17] are **GRANTED**. Plaintiff's claims are **DISMISSED** in their entirety, with prejudice. The Clerk is directed to **CLOSE** this case.

So **ORDERED** and **SIGNED** this 8 day of **March, 2016.**

_____
Ron Clark, United States District Judge